**FILED**

**September 20, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **G.Y.**

**No. 22-0143** (Hancock County 21-JA-3)

## MEMORANDUM DECISION

Petitioner Father C.Y., by counsel Sharon N. Bogarad, appeals the Circuit Court of Hancock County's December 23, 2021, order terminating his parental rights to G.Y.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katica Ribel, filed a response in support of the circuit court's order. The guardian ad litem, David A. Mascio, also filed a response on the child's behalf in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2021, the DHHR filed a petition alleging that petitioner abused controlled substances and engaged in domestic violence against his minor niece, L.Y., who was living in the home with petitioner and then-three-year-old G.Y.[2] The DHHR alleged that petitioner's drug paraphernalia, including needles and powder residue, was left in reach of the children in the home. In May of 2021, the circuit court adjudicated petitioner as an abusing parent and G.Y. as an abused and neglected child. Petitioner was granted a post-adjudicatory improvement period

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]L.Y. is not at issue in this appeal.

and was ordered to participate in reunification services. Then, in October of 2021, the circuit court terminated petitioner's improvement period due to his noncompliance with its terms.

The circuit court held a dispositional hearing in November of 2021. The mother's counsel moved to continue her dispositional hearing because she recently entered an inpatient substance abuse program and was not available to attend the hearing. The circuit court granted the motion. Thereafter, petitioner, who was present in person and by counsel, moved to continue his dispositional hearing based on the following: 1) the mother was unavailable to testify or be cross-examined; 2) counsel learned the day of the hearing that the State alleged petitioner violated his home incarceration and was filing a motion to revoke it; and 3) petitioner and his counsel had not been in contact since August of 2021. The circuit court denied petitioner's motion to continue. The court noted that the hearing began at 3:00 p.m., informed the parties that it would recess at 5:00 p.m., and set a date to return for additional testimony if necessary. Petitioner moved to file a supplemental witness list prior to the date of the continued hearing, which the court granted.

The circuit court proceeded to hear testimony from four witnesses presented by the DHHR. The DHHR rested its case near 4:20 p.m. Noting the expediency in the DHHR's presentation of evidence, the circuit court directed petitioner to present his evidence, if any. Petitioner's counsel indicated that during the hearing petitioner had informed her of character witnesses he wished to call, who were not previously disclosed due to petitioner's failure to contact his counsel. The court stated that there was sufficient time for petitioner to present evidence and reasoned that petitioner's failure to inform counsel of his character witnesses was his mistake. Petitioner testified and rested his case without moving for an additional continuance. The circuit court ordered the parties to submit proposed findings of fact and conclusions of law and concluded the hearing at 5:11 p.m.

Ultimately, the circuit court found that petitioner failed to participate in the court process and failed to address his parenting deficiencies. It found that petitioner took seven random drug screens that were all positive for various controlled substances, including fentanyl, amphetamines, and methamphetamines. Petitioner admitted to using methamphetamine "three or four days" prior to the dispositional hearing. The court also found that petitioner participated in a twenty-eight-day substance abuse treatment program but failed to follow through with discharge recommendations such as a sober living program or an intensive outpatient program. The court concluded that petitioner failed to complete drug rehabilitation. The court further found that petitioner failed to attend adult life skills and parenting classes, failed to attend a scheduled psychological evaluation, and failed to exercise meaningful and consistent visitation with G.Y. Finally, the court noted that petitioner pled guilty to two felony counts of delivery of a controlled substance in October of 2021. Ultimately, the circuit court determined that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in G.Y.'s best interests to terminate petitioner's parental rights.

Accordingly, the court terminated petitioner's parental rights by its December 23, 2021, order. Petitioner now appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court abused its discretion in denying his motion to continue the dispositional hearing because the mother was unavailable to testify or be cross-examined. Regarding motions to continue, the Court has held that "[w]hether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion." *Tiffany Marie S.*, 196 W. Va. at 235, 470 S.E.2d at 189.

> [T]he test for deciding whether the circuit court abused its discretion is not mechanical; it depends on the reasons presented to the circuit court at the time the request was made. In other words, this issue must be decided in light of the circumstances presented, focusing upon the reasons for the continuance offered to the circuit court when the request was denied.

*Id.* at 235, 470 S.E.2d at 189. Further,

> [a] party moving for a continuance due to the unavailability of a witness must show: (1) the materiality and importance of the witness to the issues to be tried; (2) due diligence in an attempt to procure the attendance of the witness; (3) that a good possibility exists that the testimony will be secured at some later date; and (4) that the postponement would not be likely to cause an unreasonable delay or

---

[3]According to the parties, the mother's parental rights were also terminated. The permanency plan for the child is adoption in his current placement.

disruption in the orderly process of justice." Syllabus Point 3, *State v. McCallister,* 178 W.Va. 77, 357 S.E.2d 759 (1987).

Syl. Pt. 3, *State v. Jason H.*, 215 W. Va. 439, 599 S.E.2d 862 (2004).

Here, we find no abuse of discretion in the circuit court's denial of petitioner's motion to continue. When the motion was made, petitioner failed to explain the importance of the mother's testimony to the disposition of the abuse and neglect proceedings. Petitioner also failed to exercise any due diligence in ensuring the attendance of the mother. Moreover, based on the evidence presented by the DHHR that petitioner continued to abuse controlled substances and failed to participate in the terms of his improvement period, a continuance would be an unreasonable and unnecessary delay in the proceedings. Accordingly, petitioner failed to meet the criteria to be granted a continuance due to the mother's unavailability.[4]

Additionally, we find no error in the circuit court's termination of petitioner's parental rights to the child. West Virginia Code § 49-4-604(d)(3) provides that the circuit court may find that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when the parent fails to "respond[] to or follow[] through with a reasonable family case plan or other rehabilitative efforts." The evidence in this case is clear that petitioner failed to participate in a reasonable family case plan and failed to remedy the conditions of abuse and neglect. Significantly, petitioner attended a substance abuse treatment program, but failed to follow through with post-treatment recommendations, and then relapsed shortly thereafter. This evidence fully supports the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that termination of petitioner's parental rights was necessary for the welfare of the child. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Therefore, petitioner is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 23, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

---

[4]Petitioner also argues that he desired to present testimony of undisclosed character witnesses. However, the record contains no motion to continue for the purpose of calling additional witnesses other than the mother. In the absence of such a motion, there is no error preserved on this ground, and he is entitled to no relief in this regard.

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton